IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRES WELLINGTON SANTOS REYNOSO, | Civil No. 3:20-cv-1666 |
| Petitioner | (Judge Mariani) |
| v. | |
| CLAIR DOLL, | |
| Respondent | |

## MEMORANDUM

### I.  Background

On September 14, 2020, Petitioner Andres Wellington Santos Reynoso ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Customs Enforcement ("ICE"). (Doc. 1).  For relief, Petitioner requested immediate release from custody or an injunction alleging that his continued detention violates due process.  (*Id.* at p. 8).  At the time his petition was filed, Petitioner was detained at the York County Prison, in York, Pennsylvania.

Respondent filed a suggestion of mootness stating that Petitioner was removed from the United States on June 15, 2021.  (Doc. 7).  Respondent argues that the habeas petition is therefore moot.  (*Id.*).  For the reasons set forth below, the Court will dismiss the habeas petition as moot.

## II.     Discussion

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)). Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is released from custody, the petition becomes moot because the petitioner has achieved the relief sought. *See DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005) ("[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition.").

In the present case, the habeas petition challenges Petitioner's continued detention pending removal. (*See* Doc. 1). Because Petitioner has since been released from ICE custody and removed from the United States, the petition no longer presents an existing case or controversy. *See Diaz-Cabrera*, 2011 U.S. Dist. LEXIS 124195 at *2-4. Further, Petitioner has received the relief he sought, namely, to be released from ICE custody. *See Sanchez v. AG*, 146 F. App'x 547, 549 (3d Cir. 2005) (holding that the habeas petition challenging the petitioner's continued detention by ICE was rendered moot once the

petitioner was released).  Consequently, the instant habeas petition will be dismissed as moot.  *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

    A separate Order shall issue.

                                              Robert D. Mariani
                                              United States District Judge

Dated: June 15, 2021